In the matter of the opening of LIVINGSTON STREET, in the city of [556] BROOKLYN.

On a motion for confirmation of the report of *commissioners of estimate and assessment* of the city of *Brooklyn*, the court will not review the decision of the corporation in fixing the *district of assessment*. Whether such decision may not be reviewed by *certiorari*, quere.

A MOTION was made for the confirmation of the report of the commissioners of estimate and assessment in this case, which was opposed on the ground that the *district of assessment* was not co-extensive with the proposed improvement. There were other questions discussed, which are not deemed material to notice. In respect to the assessment district, the following opinion was delivered:

*By the Court*, BRONSON, J. It may well be doubted whether the court can in this form review the proceedings of the corporation in fixing the district of assessment. By the first section of the act of 1833, the corporation, " to the end that the persons who will be assessed may be the better ascertained," before giving notice of an application to open any street, is required to " determine and fix the limit or district in which the assessment shall be made, or beyond which the same shall not extend; and a description of such limit, or district shall be published with such notice, and form a part thereof." The notice is given for the purpose of enabling all persons who may be interested, to remonstrate against the proposed improvement. If the district was either too large or too small, any person who might think himself aggrieved should have appeared before the common council and made the objection; and the corporation would then have decided whether the district should be altered, or whether the proposed improvement ought to be abandoned. Their decision upon that matter might probably be reviewed by *certiorari;* but it is not necessary to pass upon that question in the present case. On this motion, it is sufficient to say, that the commissioners in making the assessment, could not go beyond the prescribed district; [557] and this court, in reviewing their proceedings, cannot go into matters of which they could not have taken cognizance. (13 *Wendell*, 664.)

---

BENEDICT & ROBY *vs.* JONES.

On a *special motion*, a party is not entitled to charge for a copy of *pleadings*, or of a *case* or *bill of exceptions* incorporated into the papers used on the motion, unless good cause exist for using *copies* instead of the *originals*.

A MOTION was made in this case for the re-taxation of a bill of costs. The grounds of the motion sufficiently appear in the opinion delivered.

*By the Court*, BRONSON, J. The charges in the taxed bill of costs for copies of a *case* and *bill of exceptions* used on a special motion, should be stricken out. The case and bill of exceptions were not necessary papers on the motion then before the court; and had it been otherwise, the *originals* (or copies in possession of the party for other purposes) might have been produced. The practice of swelling a bill of costs by charging for *copies* of the *pleadings* and other *proceedings* in the cause, to be used on a special motion, is wholly unwarrantable; and such items should be rejected by the taxing officer, unless he is satisfied that there was good cause for preparing copies, instead of using the originals or copies already in possession of the party. Although the copies were in this instance prepared in good faith and without any view to the question of costs, the charges should not have been allowed, and a re-taxation ordered.